UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SAMI FRANCIS KHOURY, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| ANGEL GARITE, *Assistant Field Office* | § | |
| *Director, El Paso Field Office, El Paso* | § | |
| *Service Processing Center*; | § | EP-25-CV-00577-DCG |
| JOEL GARCIA, *Field Office Director,* | § | |
| *El Paso Field Office, ICE*; | § | |
| TODD LYONS, *Acting Director, ICE*; | § | |
| KRISTI NOEM,[1] *Secretary of Homeland* | § | |
| *Security*; and | § | |
| FACILITY ADMINISTRATOR, *ERO El* | § | |
| *Paso Camp East Montana*, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER FOR SUPPLEMENTAL BRIEFS
AND SCHEDULING PROVISIONAL HEARING**

To resolve the Petition, the Court needs to know the total amount of time that the

Government has kept Petitioner in immigration detention.  The initial briefing that the parties

submitted back in December 2025 was inconsistent on that issue:

- Petitioner alleged that he spent nine months in immigration detention in 2001;[2] and

- Respondents responded—citing the declaration of an Immigration and Customs Enforcement ("ICE") officer—that the Immigration and Naturalization Service

---

[1] Although Secretary Noem will reportedly cease to hold office on March 31, 2026, the Court will wait to order substitution until her successor has been appointed.  *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . resigns[ ] or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").

[2] Pet., ECF No. 1, at 2 ("Petitioner was initially detained by the former INS . . . and released from custody after approximately nine (9) months . . . .").

("INS") (ICE's predecessor) detained Petitioner in January 2001 and released him in June 2008.[3]  If true, that would mean that the Government previously detained Petitioner for **over seven years**—significantly longer than the nine months that Petitioner claims.

So, on March 9, 2026, the Court ordered Respondents to clarify.[4]

Respondents' supplemental brief, however, provided no such clarity.  Instead, Respondents offered a new version of events that completely contradicts what they said back in December 2025.  Now, they argue that the Government hadn't held Petitioner in immigration detention at all before detaining him in October 2025.[5]

After observing the inconsistencies between Respondents' filings, the Court took a closer look at Respondents' response to the Petition.  That review uncovered another problem: Although Respondents titled and cited the declaration supporting their Response as the "Declaration of Assistant Field Office Director Martin A. Sarellano Jr.," Martin A. Sarellano, Jr. did not sign or draft the declaration.[6]  Instead, a different officer named Carlos Vasquez drafted and signed the declaration."[7]  Resultingly, it's unclear whether the information in that

---

[3] Resp's' Resp., ECF No. 3, at 2 ("Immigration and Customs Enforcement (ICE) released Petitioner on an Order of Supervision (OSUP) in June 2008.").

[4] *See* Order Status Update, ECF No. 5.

[5] *See* Resp'ts' Suppl. Brief, ECF No. 6, at 1 (arguing that Petitioner's "previous time in custody was due to the Petitioner's criminal conviction for alien smuggling"); Marin Dec., ECF No. 6-1, at 2 ("At the conclusion of his criminal sentence in August of 2001, Khoury was released from custody from the Johnson County Jail and processed by INS.  He was released on an order of supervision since removals to Lebanon and/or alternative third countries were not viable at the time.").

[6] *See generally* Sarellano, Jr. Dec., ECF No. 3-1, at 1; *see also* Resp'ts' Resp. at 2 (citing to "Declaration of Assistant Field Office Director Martin A. Sarellano[,] Jr.").

[7] *See* Sarellano, Jr. Dec. at 1 ("I, Carlos Vasquez, . . . declare as follows: . . . .); *id.* at 3 ("Digitally signed by CARLOS A. VASQUEZ.").

declaration (and, thus, Respondents' response to the Petition) is accurate or instead recycled from another, unrelated declaration pertaining to a different detainee.

While the Court will allow Respondents to clarify their positions, they must provide the Court with more than just a witness declaration. To ensure that Petitioner maintains the position he held in the Petition, the Court will also require Petitioner to file a supplemental brief.

The Court therefore **ORDERS** Respondents to **FILE** a supplemental brief by **March 23, 2026**. That brief **SHALL CONTAIN**:

1. Respondents' position, **with supporting documentation**, regarding the specific periods of time that Petitioner has spent in immigration detention after his order of removal became administratively final on May 23, 2001;

2. any further updates regarding Respondents' efforts to remove Petitioner, **with supporting documentation**;

3. an explanation of why the declaration located at ECF No. 3-1 is titled "Declaration of Assistant Field Office Director Martin A. Sarellano Jr." when it appears to be a declaration from Carlos Vasquez; and

4. an explanation of why Respondents previously represented to the Court that Petitioner had spent over seven years in immigration detention between 2001 and 2008 when they now seemingly argue that he was never in immigration detention before October 2025.

The Court further **ORDERS** that, by **March 23, 2026**, Petitioner **SHALL FILE** a supplemental brief **with documentation** supporting his claim that he spent nine months in immigration custody in 2001. That brief must also identify the specific period(s) of time that he alleges he was held in immigration detention after his order of removal became administratively final on May 23, 2001—again, **with supporting documentation**.

The Court will also **PROVISIONALLY SET** an **IN-PERSON EVIDENTIARY HEARING** for **Thursday, March 26, 2026** at **10:00 a.m. Mountain Time**. The Court may ultimately vacate this hearing depending on the content and quality of the parties' supplemental briefs. If the Court deems the hearing necessary, the hearing will take place in **Courtroom**

**Number 322**, on the Third Floor of the **United States Courthouse, 525 Magoffin Avenue, El Paso, Texas**.   Due to technological limitations, the Court will **NOT** consider requests to appear *via* videoconference, telephone, or any other remote means.

The Court further **ORDERS** Respondents to produce Petitioner at the hearing.[8]  If an interpreter is required, Petitioner's counsel must inform the Court as soon as possible.

The Court further **ORDERS** Respondents to come to the evidentiary hearing prepared to present testimony from a knowledgeable witness (or witnesses) regarding:

1.  the chronology of Petitioner's current and prior detentions; and

2.  the status of Respondents' efforts to remove Petitioner.

Although the Court **MAY** consider requests to move the hearing to a different date to accommodate the participants' respective schedules, the Court will **NOT** consider any such request filed after **March 23, 2026** except in extraordinary and unforeseeable circumstances.

Finally, the Court **ADMONISHES** Respondents to exercise more care when representing material facts to the Court moving forward.

**So ORDERED and SIGNED this 18th day of March 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[8] *See* 28 U.S.C. § 2243 ("Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.").